UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-04354-MWF (JPRx) | Date: | August 10, 2023 |
| Title: | Jason Guaschino v. Hyundai Motor America et al | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendants:
None Present                            None Present

**Proceedings (In Chambers):**     ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [13]

Before the Court is Plaintiff Jason Guaschino's Motion for Remand (the "Motion"), filed on July 5, 2023. (Docket No. 14). Defendant Hyundai Motor America filed an Opposition on July 28, 2023. (Docket No. 24). Plaintiff filed a Reply on August 7, 2023. (Docket No. 26).

The Court has read and considered the papers on this Motion and deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. The Court has jurisdiction over Plaintiff's claims pursuant to the Magnuson-Moss Warranty Act because the amount in controversy exceeds $50,000.

## I.     BACKGROUND

On May10, 2023, Plaintiff filed this lemon law action in Los Angeles Superior Court, asserting that Defendant violated the Song-Beverly Consumer Warranty Act and the Federal Magnuson-Moss Warranty Act ("MMWA"). (Notice of Removal ("NoR") (Docket No. 1); Complaint (Docket No. 5-1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-04354-MWF (JPRx)**          **Date:  August 10, 2023**
**Title:**     Jason Guaschino v. Hyundai Motor America et al

    Plaintiff's claims arise from the purchase and/or lease of a 2020 Hyundai Elantra and Defendant's alleged failure to conform the vehicle to the applicable warranties after a reasonable number of repair attempts.  (NoR ¶ 7; Complaint ¶¶ 6–21).

    Defendant removed the action under federal question jurisdiction because the MMWA states that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000.  *See* 15 U.S.C. § 2310(d)(3)(B).  Assuming actual damages of $20,940.00 (based on the window sticker price of the subject vehicle) and a civil penalty of twice Plaintiff's actual damages, Defendant contends that Plaintiff is seeking no less than $62,820.00, without taking into consideration any incidental or consequential damages.  (NoR ¶¶ 9, 11, Ex. B (Docket No. 1-2)).

**II.    LEGAL STANDARD**

    A motion to remand is the vehicle used to challenge the removal of an action.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c).  In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction.  *See* 28 U.S.C. § 1441.

    Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing party has the burden to establish that it was proper to do so.  *Id.*  "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."  *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1).  The MMWA also establishes that no such claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 23-04354-MWF (JPRx)                  Date:  August 10, 2023
Title:         Jason Guaschino v. Hyundai Motor America et al

may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000. "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)). Therefore, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 89). If "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.*

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-04354-MWF (JPRx)                    Date:  August 10, 2023
Title:    Jason Guaschino v. Hyundai Motor America et al

jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. " The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

## III.     DISCUSSION

The Complaint seeks restitution, "general, special, and actual damages according to proof", a "civil penalty of two times the amount of Plaintiff's actual damages", "costs and expenses, including attorney's fees, reasonably incurred", "prejudgment interest at the legal rate", "reasonable attorney's fees according to proof," and "for such other relief as the Court may deem proper." (Complaint ¶¶ 28, 29, 36, 28, 30, 36, 54, 55, and p. 9).

Plaintiff argues that remand is appropriate because Defendant fails to carry its burden establishing that the amount in controversy exceeds $50,000. (Motion at 5). Plaintiff argues that while he has plead damages of at least $25,000.01, Defendant has not offered sufficient evidence to establish that Plaintiff is seeking no less than $62,820.00. (*Id.* at 6–9 (citing NoR ¶¶ 9, 11)). Plaintiff also argues that Defendant failed to account for the statutory mileage offset which reduces Plaintiff's actual damages and does not adequately support the assumption of civil penalties up to two times the amount of actual damages. (*Id.* 9–15).

### A.     **Actual Damages**

Defendant has met its burden of proving the amount of actual damages sought in the Complaint. The Complaint alleges that Plaintiff seeks restitution as required by California Civil Code section 1793.2, subdivision (d). (Complaint ¶ 26). "In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer . . ." Cal. Civ. Code § 1793.2(d)(2)(B). Defendant offers the sales contract of the subject vehicle which shows the total payments Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-04354-MWF (JPRx)          **Date:** **August 10, 2023**
**Title:**     Jason Guaschino v. Hyundai Motor America et al

agreed to make for purchase of the vehicle amount to $31,060.20. (Opposition at 2–3, Declaration of Sasha Bassi ("Bassi Decl.") (Docket No. 25), Ex. B ("Sales Contract") (Docket No. 25-2)).

Plaintiff argues that Defendant's assertion of actual damages is speculative because it does not establish the amount of Plaintiff's actual payments under the Sales Contract. (Reply at 7 n.2). However, Plaintiff has not provided any evidence of his own—evidence that he would have access to—that suggests Defendant's assertion is incorrect. Here, there is little guesswork to be done to estimate actual damages, as the Sales Contract shows the total sales price was $31,060.20, that the amount financed was $30,349.70, that the applicable interest rate was 0.90%, and that Plaintiff agreed to make 60 payments starting on December 27, 2019. (Sales Contract at 1–3). Plaintiff has therefore adequately presented evidence that the actual damages in controversy is $31,060.20. *See Amavizca v. Nissan N. Am., Inc.*, Case No. 22-EDCV-2256-JAK (KKx), 2023 WL 3020489, at *3 (C.D. Cal. Apr. 19, 2023) (applying full purchase agreement price to calculation of actual damages to sales contract that required payments until 2025).

### B.     Mileage Offset

The Ninth Circuit has held that the amount in controversy should be reduced to reflect the appropriate mileage offset. It ruled in *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018), that "[c]onsideration of the Use Offset was appropriate." *Id.* The Ninth Circuit concluded that "[t]he Use Offset measures the value of the F-150s that the putative class members purchased," and it limits the available damages. *Id.* Although *Schneider* was not a published decision, its holding is persuasive. *See also Maciel v. BMW of North America, LLC*, 2017 WL 8185859, at *2 (C.D. Cal., Aug. 7, 2017) (applying the Song-Beverly Act's mileage offset in determining that the amount in controversy was not met); *Mullin v. FCA US, LLC,* 2020 WL 2509081, at *3 (C.D. cal. May 14, 2020) (finding that the plaintiff was, "correct that the mileage offset may reduce the amount in controversy," and that where the defendants, "neglected to take the mileage offset into account, they failed to meet

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-04354-MWF (JPRx) | Date:  August 10, 2023 |
| Title:     Jason Guaschino v. Hyundai Motor America et al | |

their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle.").

In the Beverly-Song Act, the applicable measure of damages is restitution and, "[w]hen restitution is made . . . the amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(C).  "The amount [of the mileage offset] shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(C).

Plaintiff initially argues that Defendant's failure to account for a statutory mileage offset makes the estimation of Plaintiff's actual damages in Defendant's Notice of Removal speculative.  (Motion at 11–12).  In response, Defendant provides the Declaration of Sasha Bassi, which states that based on her review of the file, the first warrantable concern occurred at 26,115 miles.  (Opposition at 6; Bassi Decl. ¶ 4). Plaintiff argues that Ms. Bassi's assertion is temporally unclear because Defendant does not provide a timeline demonstrating that this was actually when the first repair occurred.  (Reply at 6).  Plaintiff also argues Ms. Bassi's assertion is substantively unclear because Defendant has not reasonably established that the defect raised during the repair at the 26,511 mileage mark was the substantially impairing defect.  (*Id.*).

The Court has no reason to doubt the sworn declaration of Ms. Bassi which grounded in her review of subject vehicle's file.  Plaintiff had the opportunity to submit his own declaration or other evidence to rebut Ms. Bassi's assertion but has not done so.  (*See generally* Reply).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-04354-MWF (JPRx)          Date: August 10, 2023
Title:      Jason Guaschino v. Hyundai Motor America et al

The subject vehicle was sold with 27 miles on it and returned for repair with 26,115 miles on it. (Sales Contract at 2; Bassi Decl. ¶ 4). Accordingly, applying the above formula, the offset is $6,752.49 ($31,060.20 x (26,088/120,000)), which reduces the actual damages in controversy to $24,307.71.

### C.     Civil Penalty

In addition to actual damages, the Song-Beverly Act permits plaintiffs to recover up to two times the amount of actual damages, which Plaintiff seeks. *See* Cal. Civ. Code § 1794(c). Plaintiff alleges that Defendant's failure to comply with the obligations under the Song-Beverly Act was "willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution." (Complaint ¶ 28). If Plaintiff prevails in this regard, Plaintiff would effectively be entitled to treble damages, or up to at least $72,923.13 (considering the minimum actual damages of $24,307.71). This would place the amount in controversy above the requisite jurisdictional threshold of $50,000.

Plaintiff argues that Defendant's estimate of civil penalties is speculative because Defendant did not set forth evidence that the penalty was likely to be awarded. (*See* Motion at 12–13; Reply at 2–4 (citing cases where district courts have required defendants to set forth some evidentiary justification beyond a plaintiff's boilerplate allegations for the inclusion of civil penalties in the amount in controversy)). But the Court is not convinced.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). While the Song-Beverly Act does not expressly provide for punitive damages, "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-04354-MWF (JPRx)          Date:  August 10, 2023
Title:     Jason Guaschino v. Hyundai Motor America et al

Cal. 2002) (citations omitted).  Therefore, "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."  *Id.*  Indeed, other courts have factored in the Song-Beverly Act's civil penalties when determining the amount in controversy.  *See, e.g.*, *id.*; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("Song-Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of [amount in controversy] analysis"); *Elenes v. FCA US LLC*, CV 16-05415-CAS (ASx), 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs allege that FCA has 'willfully failed to comply with its responsibilities under the Act.'  Accordingly, the amount in controversy estimate may include a civil penalty."); *Lawrence v. FCA US LLC*, CV 16-05452-BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) ("Combining the possibility of Plaintiff's restitution along with her recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13").

      To the extent the authorities cited by Plaintiff required that a defendant demonstrate that a civil penalty will be awarded by a preponderance of the evidence, the Court disagrees.  Upon a motion to remand, the non-moving party bears the burden of proving by a preponderance of the evidence the amount *in controversy*, not the precise amount for which Defendant will inevitably be liable; the Court declines to turn a motion for remand into a quasi-trial or motion for summary judgment on the issue of damages.  *See Rahman v. FCA US LLC*, No. 2:21-CV-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021) ("Defendant is not required to prove the case against itself.").

      In the context of punitive damages, "a defendant satisfies the amount-in-controversy requirement . . . if it is *reasonably possible* that it may be liable for the proffered punitive damages amount."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added).  Here, Defendant has pointed to specific allegations in the Complaint indicating willfulness so as to support the award of the civil penalty under the Song-Beverly Act, including that Defendant's failure to promptly replace the subject vehicle or make restitution was "willful."  (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-04354-MWF (JPRx) | Date:  August 10, 2023 |
| Title:     Jason Guaschino v. Hyundai Motor America et al | |

Opposition at 3–4).  Plaintiff has met its burden, and a civil penalty of twice Plaintiff's actual damages shall be included in the amount in controversy.

The Court therefore concludes that Defendant has met its burden of showing, by a preponderance of the evidence, that the amount in controversy that Plaintiff seeks exceeds the requisite jurisdictional threshold of $50,000.

### D.    Attorneys' Fees

Plaintiff also seeks attorneys' fees through his Complaint.  (Complaint at 9).  Because the amount in controversy already exceeds $50,000 after factoring in Plaintiff's requested civil penalties, the Court need not reach this issue.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.